IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 1901 GATEWAY HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2607-BN |
| | § | |
| CENTIMARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
DEFENDANT'S LATE-FILED MOTION TO DISMISS AND
REQUIRING PARTIES TO FILE A JOINT REPORT**

Defendant CentiMark Corporation has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. *See* Dkt. No. 36.

Plaintiff 1901 Gateway Holdings, LLC's claim against CentiMark is based on CentiMark's alleged warranty coverage of property that is now owned by 1901 Gateway. Invoking Federal Rule of Civil Procedure 12(b)(1), CentiMark argues that 1901 Gateway lacks standing to assert this claim because of alleged violations of contractual clauses in CentiMark's warranty agreement that – CentiMark asserts – resulted in an improper assignment of the warranty coverage to 1901 Gateway. *See* Dkt. No. 36, Ex. B. CentiMark argues that, because the warranty was improperly assigned, 1901 Gateway does not have warranty coverage from CentiMark and so does not have standing to bring 1901 Gateway's current claim against CentiMark.

CentiMark frames its argument as a matter of constitutional standing under Texas law that, according to CentiMark, implicates this Court's subject matter

jurisdiction. But CentiMark's reliance on Texas law is misplaced, and the Court cannot agree that 1901 Gateway's standing – as a matter of subject matter jurisdiction – is determined by interpreting and applying any contractual provisions.

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case – in other words, standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (cleaned up). "The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Hopkins v. Hosemann, 76 F.4th 378, 392 (5th Cir. 2023) (cleaned up). And "[s]tanding of the constitutional variety – the well-known injury, causation, and redressability trifecta [that is often called 'Article III standing'] – is a question of subject matter jurisdiction." *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017)

But "Article III standing is the only kind of standing required before a federal district court can exercise subject matter jurisdiction." *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022). "The term 'standing' is often misused in our legal system," yet, as far as subject matter jurisdiction is concerned, "[s]tanding in federal court is determined entirely by Article III and depends in no degree on whether standing exists under state law." *Id.* (cleaned up). In federal court, it is Article III standing "that determines subject matter jurisdiction." *Id.* at 304.

And, so, under governing federal law, as the United States Court of Appeals for the Fifth Circuit recently explained, where a defendant's "'standing' argument is

-2-

based not on the lack of an Article III injury, but on the absence of contractual

standing" – that is, on an argument that a plaintiff "does not have a contractual right

to bring this suit" –

> such questions do not go to the court's subject matter jurisdiction, but are instead part of the inquiry into the merits of a particular claim. [U]nlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under [Federal Rule of Civil Procedure] 12(b)(6). Likewise, [c]ontractual standing is distinct from Article III standing and does not implicate subject-matter jurisdiction. Article III standing speaks to the power of a court to adjudicate a controversy; contractual standing speaks to a party's right to relief for breach of contract. So where, as here, a case turns on the validity of an assignment of contractual rights, that is not a question of Article III standing but one of contractual standing.

*Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350-51 (5th Cir. 2021)

(cleaned up); *accord Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 535-36

(5th Cir. 2022); *Norris*, 869 F.3d at 366; *NRT Tex., L.L.C. v. Wilbur*, No. 4:22-CV-

02847, 2022 WL 18404989, at *2 (S.D. Tex. Dec. 15, 2022).

This and some other governing legal doctrines raise a number of concerns

about CentiMark's motion to dismiss.

"A defect in the district court's subject matter jurisdiction … may be raised at

any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil

Corp.*, 821 F.2d 285, 290–91 (5th Cir. 1987). "Under Rule 12(b)(1), a party may move

to dismiss for lack of subject-matter jurisdiction; under Rule 12(h)(3), '[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action.'" *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th

374, 383 n.5 (5th Cir. 2022) (quoting FED. R. CIV. P. 12(h)(3)).

But CentiMark's motion to dismiss, properly understood, raises an argument that goes to the merits of a claim and is properly analyzed as whether 1901 Gateway has failed to state a claim on which relief can be granted. And CentiMark already filed its Answer, *see* Dkt. No. 14, and a Rule 12(b)(6) motion must be filed before filing an answer, *see* FED. R. CIV. P. 12(b).

But "courts have routinely treated Rule 12(b)(6) motions filed after an answer is filed as a motion for judgment on the pleadings under [Federal Rule of Civil Procedure] 12(c)." *Clark v. Wells Fargo Bank, N.A.*, No. 3:18-cv-1147-G-BN, 2018 WL 6048007, at *4 (N.D. Tex. Oct. 25, 2018) (cleaned up), *rep. & rec. adopted*, 2018 WL 6042866 (N.D. Tex. Nov. 16, 2018). And legal arguments raised in Rule 12(b)(6) motions are not waived if not raised pre-answer and may be raised in a Rule 12(c) motion or as late as trial. *See Kovac v. Wray*, No. 3:18-cv-110-X, 2020 WL 6545913, at *2 (N.D. Tex. Nov. 6, 2020).

But, even if properly considered a Rule 12(c) motion, CentiMark filed this motion to dismiss 34 days before trial is set to begin. Briefing on the motion under the Northern District of Texas Local Civil Rule 7.1's default deadlines could result in briefing closing after trial has begun.

And the motion is untimely under the Initial Scheduling Order, which provides that "[a]ll dispositive motions must be filed by June 23, 2023." Dkt. No. 23 at 7. The Initial Scheduling Order also states that "[t]he deadlines set forth in this order will not be modified except on written motion for good cause shown," and "the Court strongly discourages any request to extend the dispositive motions deadline through

-4-

a motion that is filed later than three business days before the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances." *Id.* at 8 (citing FED. R. CIV. PRO. 16(b)(4)). CentiMark has not filed a motion for leave to file a dispositive motion after the deadline set in the Initial Scheduling Order.

And, even if it were not untimely, CentiMark's motion to dismiss attaches and relies on several exhibits. That is permitted on a Rule 12(b)(1) motion. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam); *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). But the Court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Likewise "[i]n considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to the contents of the pleadings, including attachments thereto." *Bosarge v. Miss. Bur. of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (cleaned up).

But pleadings in the Rule 12(b)(6) and 12(c) contexts include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 & n.4 (5th Cir.1998). And other documents "attache[d] to a [Rule 12(b)(6)] motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (cleaned up). And the Fifth Circuit applies this "same

rule to documents attached to [a] motion for judgment on the pleadings." *Bosarge*, 796 F.3d at 440.

"Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And, if the Court is presented as part of a Rule 12(b)(6) and 12(c) motion with matters outside the pleadings, Federal Rule of Civil Procedure 12(d) gives the Court "complete discretion" either (1) to disregard the materials or (2), provided that the Court gives all parties "a reasonable opportunity to present all the material that is pertinent to the motion," to accept and consider them in treating the motion as one for summary judgment under Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(d); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). The Court exercises this discretion by determining whether the proffered material, and the resulting conversion from Rule 12(b)(6) or 12(c) to Rule 56, is likely to facilitate disposing of the action. *Isquith*, 847 F.2d at 193 n.3. But, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated

as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

The Court does not welcome dispositive motions filed over a month after the Court's deadline and only a little over a month before jury selection. But, at the same time, the Court prefers to address possibly dispositive legal arguments – particularly issues or arguments that a party has teed up prior to trial – in advance of final preparations for trial and seating a jury.

The parties are directed to confer and attempt to reach agreements as to

(1) whether the Court should take up CentiMark's late-filed motion to dismiss or should deny it as filed untimely and without good cause to file out-of-time;

(2) if the Court should consider the motion, whether the motion may properly be treated as a Rule 12(c) motion or whether, under Rule 12(d), it must be treated as a Rule 56 summary judgment motion;

(3) depending on that determination, what briefing schedule the Court should enter for resolving the motion; and

(4) based on what the Court should do with CentiMark's motion, what, if any, changes should be made to the current trial setting and deadlines set in the Order Setting Case for Trial [Dkt. No. 29].

The parties must file a joint report with their respective positions on all of these issues and questions laid out above by **3:00 p.m. Central Time on Tuesday, September 12, 2023**.

SO ORDERED.

DATED: September 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE